The Disciplinary Review Board having filed with the Court its decision in DRB 17-286, concluding on the record certified to the Board pursuant to Rule 1:20-4(f)(default by respondent), that James Peter Byrne, formerly of North Bergen, who was admitted to the bar of this State in 1991, and who has been temporarily suspended from the practice of law since December 2, 2016, by Order of the Court filed November 3, 2016, should be suspended from the practice of law for a period of three months for violating RPC 1.1(a) (gross neglect), RPC 1.3 (lack of diligence), RPC 1.16(d) failure to protect the client's interests on termination of the representation), RPC 8.1(b) (failure to cooperate with disciplinary authorities), and RPC 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);
**225 And James Peter Bryne having failed to appear on the order directing him to show cause why he should not be disbarred or otherwise disciplined;
And good cause appearing;
It is ORDERED that James Peter Byrne is suspended from the practice of law for a period of three months, effective immediately, and until the further Order of the Court; and it is further
ORDERED that James Peter Byrne remain suspended from the practice of law pursuant to the Order of the Court filed November 3, 2016, and pending his compliance with the determination of the District VI Fee Arbitration Committee in District Docket No. VI-2015-0018F, and payment of the sanction of $500 to the Disciplinary Oversight Committee, and until the further Order of the Court; and it is further
ORDERED that respondent continue to comply with Rule 1:20-20 dealing with suspended attorneys; and it is further
ORDERED that pursuant to Rule 1:20-20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *501 Rule 1:20-20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d) ; and (3) provide a basis for an action for contempt pursuant to Rule 1:10-2; and it is further
ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further
ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20-17.